# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

G.D., *as parent and next friend of minor A.D.*,

        Plaintiff,

v.

LANSING UNIFIED SCHOOL DISTRICT #469, *et seq.*,

        Defendants.

Case No. 18-2243-HLT

## ORDER

This matter comes before the court upon defendants' Motion to Stay Discovery (ECF No. 12). Defendants seek a stay of discovery pending a ruling on their motion for judgment on the pleadings. Plaintiffs oppose the motion to stay. For the reasons stated below, the motion is granted.

### I.    Background

Plaintiff, on behalf of the minor A.D., filed this action on May 11, 2018, alleging that the Lansing Unified School District #469, Principal Kerry Brungart, and Assistant Principal Brooks Jenkins violated A.D.'s civil rights through their mishandling of alleged incidents of harassment and abuse by a fellow student. Plaintiff asserts a claim against the school district under Title XI, 20 U.S.C. § 1681, *et seq.*, Plaintiff asserts claims against all defendants pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, *et seq.*, and 42 U.S.C. § 1983 for alleged violations of A.D's Fourteenth Amendment rights. On July 3, 2018, defendants filed their motion to stay discovery. They argue that because Defendants Brungardt and Jenkins assert the defense of qualified immunity in their answer and because defendants intended to file a motion for judgment on the pleadings based on qualified immunity and failure to state a claim, discovery

should be stayed. However, defendants did not file their motion for judgment on the pleadings until August 3, 2018, four days after plaintiff responded to the motion to stay.

## II. Discussion

The power to stay discovery is firmly vested in the sound discretion of the trial court.[1] The court "may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[2] In exercising this discretion, the court "must weigh competing interests and maintain an even balance."[3] The Tenth Circuit, however, has cautioned that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[4] Thus, the general policy in the District of Kansas is not to stay discovery even though dispositive motions are pending.[5] An exception may be made to this general policy "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[6]

"[A] separate and distinct basis for staying discovery exists when a defendant asserts an immunity defense in the form of a dispositive motion."[7] "Defendants are generally entitled to

---

[1] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

[2] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3] *Landis*, 299 U.S. at 254-55.

[4] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citing *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

[5] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[6] *Id.* at 495 (citing *Kutilek*, 132 F.R.D. at 297-98).

[7] *Stewart v. City of Prairie Village, Kan.*, No. 12-2185-JAR, 2012 WL 5266113, at *1 (D. Kan. Oct. 24, 2012) (citing *Pfuetze v. State of Kansas,* 10–1139–CM–GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010)).

have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings."[8] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability but demands customarily imposed upon those defending a long drawn out lawsuit."[9]

Defendants have filed a motion for judgment on the pleadings asserting that plaintiff has failed to state a claim upon which relief may be granted and that the individual defendants are entitled to qualified immunity.[10] The above factors weigh in favor of staying discovery. The individual defendants' assertion of a qualified immunity defense in a dispositive motion is a proper basis to stay discovery as to these defendants. As for the remainder of the dispositive motion, the undersigned declines to offer an opinion as to whether the case is likely to be finally concluded as a result of a ruling on defendants' motion for judgment on the pleadings. However, discovery on all issues of the complaint could prove wasteful and burdensome because the parties run the risk of participating in discovery relevant to claims or to defendants that may be dismissed from this case. That leaves the issue of whether the facts sought through uncompleted discovery would affect the resolution of the motion for judgment on the pleadings.

Plaintiff argues that limited discovery could be necessary to address the issue of qualified immunity. However, defendants' decision to file their motion for a stay a month before they filed their motion to dismiss has complicated the court's task of evaluating plaintiff's argument. The

---

[8] *Keys v. Obama*, No. 13-4103-EFM, 2013 WL 6231370, at *1 (D. Kan. Dec. 2, 2013) (citing *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991)).

[9] *Siegert*, 500 U.S. at 232.

[10] Sugg. In Supp. of Defs. Kerry Brungardt, Brooks Jenkins, and Lansing USD 469's Mot. for J. on the Pleadings, ECF No. 21.

analysis involving whether to stay discovery pending a ruling on a dispositive motion requires consideration of the issues raised in the dispositive motion. Because plaintiff was not able to evaluate the motion for judgment on the pleadings before responding to the motion to stay, she is left to speculate about what discovery she might require to respond to the motion for judgment on the pleadings. Plaintiff argues that defendants are not entitled to a qualified immunity defense if they violated A.D.'s clearly established constitutional rights by knowingly placing A.D. in a position of danger and knowingly increasing his vulnerability to danger. To that end, plaintiff argues that she should be permitted to conduct discovery into whether defendants received other complaints or knew of other instances of discrimination or harassment; defendants' responses to those complaints or incidents; and whether their conduct placed the minor in a position of danger.

Since defendant filed its motion for judgment on the pleadings, plaintiff has not sought to file a surrpely clarifying whether she still believes she requires discovery to respond to the motion. From the undersigned's review of the motion for judgment on the pleadings, it is not apparent that discovery is warranted. With the exception of a video referenced in plaintiff's complaint and submitted by defendants, the reminder of defendants' arguments asserting that plaintiff has failed to state a claim concern the sufficiency of the complaint, not whether the facts alleged are true. Defendants' arguments concerning qualified immunity are also limited to the facts pled. When a defendant asserts qualified immunity, the court must determine whether the plaintiff has alleged facts demonstrating a constitutional violation.[11] If the plaintiff has, the court must decide whether the right was "clearly established" at the time.[12] When a defendant asserts a

---

[11] *Carabajal v. City of Cheyenne, Wyoming,* 847 F.3d 1203, 1208 (10th Cir. 2017).

[12] *Id.*

qualified immunity defense in a motion to dismiss rather than in a motion for summary judgment, the court "subjects the defendant to a more challenging standard of review than would apply on summary judgment."[13] At the motion-to-dismiss stage, the court scrutinizes defendants' conduct as alleged in the complaint for "objective legal reasonableness," whereas on summary judgment, the court must consider the evidence in the summary judgment record."[14] In other words, discovery is not necessary for the court to rule on the qualified immunity defense at this stage of the proceedings.[15] For these reasons, the court grants defendants' motion. Discovery in this case is stayed pending a ruling on defendants' motion for judgment on the pleadings.

Accordingly,

**IT IS THEREFORE ORDERED** that defendants' Motion to Stay Discovery (ECF No. 12) is granted.

**IT IS SO ORDERED.**

Dated August 27, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[13] *Hale v. Emporia State Univ.* 265 F. Supp. 3d 1236, 1246 (D. Kan. 2017) (quoting *Thomas v. Kaven*, 765 F. 3d 1183, 1194 (10th Cir. 2014)).

[14] *Id.* (citing *Behrens v. Pelletier*, 516 U.S. 299, 309, (1996)).

[15] *See Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189 at *2 (D. Kan. Dec. 7, 2017) (staying discovery pending a ruling on a motion to dismiss asserting qualified immunity because "evidence will not assist plaintiff in responding to the pending motion to dismiss because, at this stage, [the district judge] will not consider evidence").