IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.D., as parent and next friend of A.D., a minor,

        Plaintiff,

v.

LANSING UNITED SCHOOL DISTRICT #469, et al.,

        Defendants.

Case No. 2:18-CV-02243-HLT

## MEMORANDUM AND ORDER

Plaintiff alleges claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1680-1688 ("Title IX"), 42 U.S.C. § 1983, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI") based on two incidents of student-on-student misconduct that occurred on February 6, 2018.[1] Defendants move for judgment on the pleadings (Doc. 20), arguing Plaintiff fails to state a claim. Because Plaintiff fails to plausibly allege at least one essential element of each claim, the Court grants the motion.

**I.    BACKGROUND[2]**

Plaintiff is an African-American male student at Lansing Middle School. Lansing Middle School is a school within Defendant Lansing Unified School District USD 469 ("Defendant School District"). On February 6, 2018, Plaintiff was sitting in study hall when a white male student

---

[1] The Court recognizes that G.D. brings this claim on behalf of A.D. For purposes of this motion, the Court collectively refers to them as "Plaintiff."

[2] A motion for judgment on the pleadings is evaluated under the same standards that apply to a motion to dismiss for failure to state a claim. *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017). Thus, a court is generally limited to the well-pleaded factual allegations in the complaint when resolving a motion for judgment on the pleadings. There are exceptions to this rule. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court finds that none of the exceptions apply to the outside materials Defendants submitted in this case and, therefore, does not consider them in resolving this motion.

1

("Student") asked Plaintiff how Plaintiff would react to having his penis or buttocks touched and/or grabbed. Student then groped or touched Plaintiff's buttocks. Plaintiff told Student to stop the behavior immediately. Plaintiff "notified Ms. Templeton"—the teacher in charge of study hall— of "the harassment he was experiencing" and that Student "was messing with him in a way Plaintiff disapproved." Doc. 1 at 4. Ms. Templeton had not noticed Student's behavior before Plaintiff reported it. Subsequently, while still in study hall, Student used his foot and began striking Plaintiff several times on the buttocks. Plaintiff again told Student to stop. Ms. Templeton interjected and asked Plaintiff to move his seat but did not ask Student to relocate his seat or modify his behavior.

After school that day, Plaintiff and Student got on the same bus. Student was sitting in the seat directly behind Plaintiff. On the bus, Student grabbed Plaintiff's penis, struck Plaintiff on the head five times, struck Plaintiff's body, and kicked Plaintiff in the nose causing Plaintiff to bleed. The bus driver did not intervene, so Plaintiff then defended himself.

The next morning, February 7, 2018, Plaintiff's mother contacted Defendant Kerry Brungardt (the Principal of Lansing Middle School) and Defendant Brooks Jenkins (the Assistant Principal of Lansing Middle School) via email to describe the incident and alert them to her concerns. Defendant Brungardt's responsive email pointed out that Student suffered injuries and stated that he was withholding a decision on discipline. Later that day, Defendant Brungardt suspended Plaintiff from riding the bus that afternoon.

That same day, Plaintiff's parents met with Defendants Brungardt and Jenkins to discuss the incident. Defendants Brungardt and Jenkins, in describing the incident as they interpreted it from the video recording made by the bus, suggested Student was only "hugging" Plaintiff before the "mutual fight" broke out. Defendants Brungardt and Jenkins acknowledged that "the school and its personnel were aware that [Student] had a known history of bad behavior at school" and

questioned Plaintiff as to why he did not alert a second teacher or provide a more graphic description of Student's conduct to Ms. Templeton before getting on the bus.

Two days later, on February 9, 2018, Plaintiff's mother asked to view the bus video. On February 12, 2018, Plaintiff's parents viewed the video with Defendants Brungardt and Jenkins. After viewing the video together, Defendants Brungardt and Jenkins acknowledged that Student was the aggressor.

The next day, February 13, 2018, Defendant Brungardt noted that Plaintiff was not in his appropriate seat on the bus on the date of the incident and suspended Plaintiff from the bus again. School officials also questioned Plaintiff on various topics including: (1) what he could have done to prevent the February 6, 2018 incident, (2) why he was so quick to fight Student, (3) whether Student was simply being annoying and not hitting him that hard, (4) why Plaintiff was not in his assigned seat, and (5) whether the incident was just an accident. Plaintiff does not know if Student faced any consequences for the events on February 6, 2018, and no further action has been taken regarding this incident.

Since then, Plaintiff "lost trust" in Defendants Brungardt and Jenkins and "is in fear while at school and extracurricular activities." Plaintiff "lives in constant fear of further assault, harassment, bullying, and physical abuse by [Student]" and is "unable to avoid interactions with [Student] in the hallways and extracurricular school activities."

## II. STANDARD

A motion for judgment on the pleadings is analyzed under the same standards that apply to a motion to dismiss for failure to state a claim. *Sanchez*, 870 F.3d at 1199. Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's claim is facially plausible if he pleads sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" but "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

This standard results in two principles that underlie a court's analysis. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Stated differently, though the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Second, only a complaint that states a plausible claim for relief survives" the motion. *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2) (original brackets omitted)). "In keeping with these [two] principles, a court considering a [motion] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. ANALYSIS

### A. Plaintiff Fails to Allege Essential Elements of the Title IX Claim

Plaintiff contends Defendant School District is liable under Title IX for the sexual harassment endured by Plaintiff because it had actual knowledge of Student's sexual harassment based on Student's behavior in study hall and based on Student's known history of bad behavior and was deliberately indifferent to those reports. Defendant School District argues that Plaintiff fails to plausibly allege that it had actual knowledge of the sexual harassment before Plaintiff's mother sent an email on February 7, 2018, and that once it received notice it appropriately and reasonably responded to the report.

Title IX states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A school receiving federal funds may be liable under Title IX for its own conduct in being deliberately indifferent to student-on-student harassment. *Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008). A school district may be liable under Title IX when (1) an appropriate person has actual knowledge of, and (2) is deliberately indifferent to, (3) harassment that is so severe, pervasive and objectively offensive as to (4) deprive access to the educational benefits and opportunities provided by the school. *Id.* An "appropriate person" is one who has authority to take corrective action to end the harassment. *Escue v. N. Okla. College*, 450 F.3d 1146, 1152 (10th Cir. 2006). And a district is deliberately indifferent "only where the district's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Rost*, 511 F.3d at 1121. In evaluating deliberate indifference, courts should not

second-guess a school administrator's disciplinary decisions. *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642 (1999).

### 1.     **Actual Knowledge**

Plaintiff argues Defendant School District had actual knowledge of Student's sexual harassment before the February 7, 2018 email based on Student's conduct in study hall and based on the known history of Student's "bad behavior." The Court finds that Plaintiff fails to plausibly allege that either of these incidents constitutes actual knowledge by an appropriate person.

First, Plaintiff does not provide any allegations suggesting that Ms. Templeton—the teacher who oversaw study hall—is an "appropriate person." The Tenth Circuit has not fashioned a bright-line rule as to what job titles and positions within a school district automatically mark an individual as having sufficient authority or control to be an "appropriate person" for purposes of Title IX liability. *See generally Ross v. Univ. of Tulsa*, 859 F.3d 1280 (10th Cir. 2017). Although Supreme Court precedent indicates that school principals are "appropriate persons," the analysis of other faculty and staff is a fact-based inquiry. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291 (1998) (assuming without discussion that a high school principal was an appropriate person under the statute). This factual inquiry is necessary because the Supreme Court has rejected use of vicarious liability and agency principles as grounds for liability under Title IX. *Id.*; *see also Davis*, 526 U.S. at 642 (recognizing that in *Gebser*, the Supreme Court "rejected the use of agency principles to impute liability to the district for the misconduct of its teachers").

In the complaint, Plaintiff does not allege—in even a conclusory fashion—that Ms. Templeton specifically, or every teacher at Lansing Middle School generally, is an appropriate

person.³ Plaintiff also does not allege facts plausibly suggesting that Ms. Templeton is an appropriate person. For example, Plaintiff does not allege that Ms. Templeton possessed sufficient control over Student's harassment to render Defendant School District liable for her response. Plaintiff also does not allege that Ms. Templeton had authority to suspend or transfer Student, that she had an obligation to take action under a specific policy, or that she passed on the events that occurred in study hall to someone who was an appropriate person. Rather, Plaintiff merely alleges that Ms. Templeton is the teacher who oversaw study hall. The Court does not suggest that teachers are always without the authority necessary to institute corrective measures or lack sufficient control to take remedial action, but Plaintiff fails to offer any factual allegations suggesting that Ms. Templeton was an "appropriate person" within the meaning of the statute. *See Ross*, 859 F.3d at 1289-90 (rejecting conclusion that campus security officers were appropriate persons); *Plamp v. Mitchell Sch. Dist. No. 17-2*, 565 F.3d 450, 457-58 (8th Cir. 2009) (finding school guidance counselor and high school teachers were not appropriate persons); *C.S. v. Couch*, 843 F. Supp. 2d 894, 914 (N.D. Ind. 2011) (concluding fifth grade teacher and football coaches were not appropriate persons). As a result, Plaintiff has not sufficiently alleged that Ms. Templeton's knowledge is sufficient for Title IX liability.⁴

---

3   The complaint does not allege Ms. Templeton is an appropriate person. This theory appears in Plaintiff's opposition and, out of an abundance of caution, the Court addresses it.

4   Even if Plaintiff alleged facts plausibly suggesting that Ms. Templeton is an "appropriate person," this theory of liability fails for two additional reasons. First, Plaintiff includes no allegations that Ms. Templeton had knowledge of harassment that was severe, pervasive, and objectively offensive. Rather, the factual allegations merely suggest that during study hall on February 6, 2018—i.e., on a single occasion—Ms. Templeton had actual knowledge "of the harassment [Plaintiff] was experiencing[,]" that Student was "messing with [Plaintiff] in a way Plaintiff disapproved[,]" and of several successive kicks to Plaintiff's buttocks by Student. Doc. 1 at 4. These are not allegations of severe, pervasive, and objectively offensive harassment. *See Higgins v. Saavedra*, 2018 WL 327241, at *8-9 (D.N.M. 2018) (concluding that the plaintiff "has not stated facts to show the harassment was pervasive and, therefore, has failed to state a plausible claim under Title IX"). Second, assuming the requisite knowledge, Plaintiff's allegations do not plausibly suggest that Ms. Templeton's response—asking Plaintiff to move seats—constitutes deliberate indifference and was clearly unreasonable. *Davis*, 526 U.S. at 648 (noting that schools retain discretion to remedy allegations of harassment); *Rost*, 511 F.3d at 1121 (explaining that school is

Second, the admissions by Defendant Brungardt—who, as Principal of Lansing Middle School, is an appropriate person—and Defendant Jenkins that Student had a "known history of bad behavior at school" does not plausibly allege actual knowledge of sexual harassment. A vague reference to "bad behavior" is insufficient to constitute actual notice of sexual harassment in the absence of any factual allegations indicating the "bad behavior" involved similar (or even sexual) misconduct. *See Rost*, 511 F.3d at 1119 (agreeing that a student's complaints that boys were "'bothering her'" were insufficient to constitute actual knowledge); *Escue*, 450 F.3d at 1153 (agreeing that prior instances were too dissimilar, too infrequent, and/or too distant in time to provide actual knowledge of sexual harassment); *Plamp*, 565 F.3d at 456 (agreeing that vague complaints are insufficient to establish actual knowledge). Absent some factual elaboration in the complaint about the nature or timing of Student's "bad behavior," Plaintiff's general statement is insufficient. For these reasons, the Court finds that the admission that Student had a history of "bad behavior" does not plausibly allege actual knowledge.[5]

In sum, Plaintiff fails to plausibly allege that an appropriate person had actual knowledge before Defendants Brungardt and Jenkins received the February 7, 2018 email. As explained above, Plaintiff does not sufficiently allege that Ms. Templeton is an appropriate person or that she passed on her observations in study hall to an appropriate person. Likewise, Plaintiff does not adequately allege Defendants Brungardt and Jenkins had actual knowledge based on Student's history of "bad behavior." Thus, Plaintiff cannot pursue a Title IX theory based on events occurring before receipt of the February 7, 2018 email. *See, e.g., K.T. v. Culver-Stockton Coll.*, 865 F.3d

---

deliberately indifferent "only where the [district's] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances" (internal citation and quotation omitted)).

[5] Even if the history of bad behavior constitutes actual knowledge, this theory still fails because Plaintiff does not plausibly allege deliberate indifference to it. Stated differently, Plaintiff does not include any facts about Defendant School District's response (or lack thereof) to Student's prior "bad behavior" and, therefore, does not plausibly allege that Defendant School District was deliberately indifferent to these prior instances.

1054, 1058-59 (8th Cir. 2017) (concluding that the plaintiff's complaint lacked any assertion that school knew—prior to the alleged assault—of the risk and, therefore, agreeing that plaintiff failed to allege school had actual knowledge).

## 2. Deliberate Indifference

Because Plaintiff fails to plausibly allege that an appropriate person had actual knowledge of Student's misconduct until receipt of the February 7, 2018 email, the only viable theory for Title IX liability is that Defendant School District was deliberately indifferent after receiving that email. *Id.* (explaining that a funding recipient must have prior notice and that "the actual knowledge element requires schools to have more than after-the-fact notice of a single instance in which the plaintiff experienced sexual assault"). Thus, the Court must next analyze whether Plaintiff has plausibly alleged deliberate indifference after receipt of the February 7, 2018 email.

After receiving the email, Defendants Brungardt and Jenkins responded to the email, met with both of Plaintiff's parents that afternoon, reviewed the bus video, reviewed the bus video with Plaintiff's parents, and questioned Plaintiff about the event on February 6, 2018. Plaintiff alleges these actions are insufficient and do not constitute a full investigation of Plaintiff's complaints, but Plaintiff does not allege what further investigation should have been done or why the completed investigation was insufficient. *See Rost*, 511 F.3d at 1121-23 (discussing deliberate indifference).[6]

Plaintiff's opposition seemingly suggests that Plaintiff is dissatisfied with the consequences that Plaintiff and Student received. *See Davis*, 526 U.S. at 648 (noting that victims do not have a Title IX right to make specific remedial demands). But Plaintiff expressly alleges that "[i]t is unknown if [Student] has faced any consequences for his role in the sexual assault of

---

[6] Defendant School District additionally argues that Plaintiff has not alleged that its deliberate indifference after receiving the email "caused" Plaintiff to undergo harassment. Doc. 21 at 5. Because the Court finds Plaintiff does not adequately allege deliberate indifference, it does not reach this argument. The Court notes, however, that this issue is currently on appeal to the Tenth Circuit. *Weckhorst v. Kan. State Univ.*, No. 17-3028 (10th Cir. 2018).

Plaintiff." Doc. 1 at 7. This allegation concedes that Plaintiff does not know how Defendant School District addressed the February 6, 2018 incident with Student.[7] Because Plaintiff lacks knowledge and, therefore, fails to allege any facts about the discipline or lack thereof that Student received, Plaintiff does not plausibly allege deliberate indifference after receiving the February 7, 2018 email. *See M.T. v. Olathe Pub. Schs. USD 233*, 2018 WL 1847036, at *4 (D. Kan. 2018) (dismissing Title IX claim because Plaintiff "makes no allegations concerning the School District's actions (or lack thereof) in investigating the rape or disciplining D.B."). For these reasons, the Court grants judgment on the pleadings on Plaintiff's Title IX claim.

### B. Plaintiff Fails to Allege Essential Elements of the § 1983 Claim

Plaintiff contends Defendants violated § 1983 by depriving Plaintiff of his constitutional right to equal protection of the laws under the Fourteenth Amendment. Plaintiff contends Defendant School District violated his rights because it had a custom of acquiescing to student-on-student sexual harassment. Plaintiff alleges Defendants Brungardt and Jenkins violated his constitutional rights because they had actual knowledge of sexual harassment and were deliberately indifferent to it or consciously acquiesced in it.

#### 1. Liability of Defendant School District

The Fourteenth Amendment states that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A denial of equal protection of the laws under color of state law is actionable under § 1983, and sexual harassment

---

[7] The Court recognizes that subsequently in the complaint, Plaintiff offers conclusory allegations that, on information and belief, Defendant School District took no action to discipline Student. *See* Doc. 1 at 8. These conclusory allegations based on information and belief—void of any factual enhancement suggesting the information supporting the belief—are insufficient to undercut Plaintiff's unequivocal allegation that "[i]t is unknown if [Student] has faced any consequences for his role in the sexual assault of Plaintiff." *See, e.g.*, *Jackson-Cobb v. Sprint United Mgmt.*, 173 F. Supp. 3d 1139, 1148-49 (D. Colo. 2016) (recognizing that allegations may be made on information and belief, particularly when the facts in question are peculiarly within the opposing party's knowledge, but the complaint must set forth the factual basis for the plaintiff's belief to state a viable claim).

by a state actor may violate the Equal Protection clause. *Rost*, 511 F.3d at 1124. The Tenth Circuit explained:

> A school district's liability for sexual harassment under the Equal Protection clause is analyzed under a municipal liability framework. A claim of municipal liability for sexual harassment requires that the state employee's discriminatory [actions] be representative of an official policy or custom of the institution, or are taken by an official with final policymaking authority. In the absence of an official policy, a municipality may still be liable for the widespread and persistent practice of sexual harassment which constitutes a custom.

*Id.* at 1124-25.

Plaintiff does not allege that Defendant School District had an official policy or that a decision was made by an official with final policymaking authority. Instead, Plaintiff contends that Defendant School District had a custom of acquiescing to student-on-student sexual harassment. To state this claim, Plaintiff must plausibly allege (1) a continuing, widespread, and persistent pattern of misconduct by the state, (2) deliberate indifference to or tacit authorization of the conduct by policymaking officials after notice of the conduct; and (3) a resulting injury to the plaintiff. *Id.* at 1125.

Plaintiff contends that the admission that Student had a history of "bad behavior" at school constitutes knowledge of a continuing, widespread, and persistent pattern of sexual misconduct. But, as explained above, Plaintiff does not offer any facts suggesting the content, timing, or nature of this "bad behavior." Without any factual elaboration of Student's "history of bad behavior," Plaintiff has not plausibly alleged a continuing, widespread, and persistent pattern (i.e., a custom) of sexual misconduct. *Id.*[8] Even if Plaintiff had alleged a custom based on Student's history,

---

[8] Plaintiff's complaint also refers to various policies and procedures to prevent and remedy harassment. Plaintiff does not allege that Defendants consistently failed to follow these policies.

Plaintiff has not alleged deliberate indifference to it. Indeed, Plaintiff does not offer any allegations about Defendant School District's response (or lack thereof) to Student's prior "bad behavior."

Thus, once again, the only viable theory is that Defendant School District learned of Student's sexual misconduct from the February 7, 2018 email. Under this theory, Plaintiff also does not allege a custom. The events of a single day involving a conflict between a single pair of students does not indicate a widespread and persistent practice of failing to respond to student sexual harassment. *See id.*; *M.T.*, 2018 WL 1847036, at *6 (dismissing § 1983 equal protection claim because the plaintiff "does not allege any incident of harassment occurring before or since the single sexual assault on which this case is based"). Even if the events of February 6, 2018 did constitute a custom, Plaintiff fails to allege deliberate indifference or tacit authorization. Plaintiff does not provide facts suggesting deliberate indifference in response to the February 7, 2018 email for the reasons discussed above. And, similarly, Plaintiff's admission that "[i]t is unknown if [Student] has faced any consequences for his role in the sexual assault of Plaintiff" is inconsistent with the notion that Defendants tacitly approved of Student's conduct. Doc. 1 at 7. Lastly, based on principles of linear time, Defendant School District's alleged failure to respond to the February 7, 2018 email in the manner Plaintiff thinks appropriate cannot be a basis for acquiescence or causation. *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) (explaining that "basic princip[les] of linear time prevent us from seeing how conduct that occurs <u>after</u> the alleged violation could have somehow caused that violation"). Because Plaintiff fails to plausibly allege deliberate indifference to, or tacit authorization of, the sexual harassment, Defendant School District is entitled to judgment on the pleadings for the § 1983 claim.

## 2. Liability of Defendants Brungardt and Jenkins

Plaintiff also asserts an equal protection claim against Defendants Brungardt and Jenkins. Individual defendants may be liable under § 1983 when they show deliberate indifference to or consciously acquiesce in known sexual harassment. *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1250 (10th Cir. 1999). For the reasons discussed above, Plaintiff fails to plausibly allege that Defendants Brungardt and Jenkins knew of Student's sexual harassment before the February 7, 2018 email. After receiving this email, Plaintiff fails to plausibly allege that Defendants Brungardt and Jenkins were deliberately indifferent to, or consciously acquiesced in, Student's sexual harassment. *See, e.g.*, *Rost*, 511 F.3d at 1121-23 (discussing deliberate indifference); *Cordova*, 569 F.3d at 1194 (discussing principles of linear time).

Even if Plaintiff did state a claim, qualified immunity shields Defendants Brungardt and Jenkins from liability. Qualified immunity protects officials from civil liability when the official's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Once a defendant asserts this defense, the plaintiff must show: (1) the defendant violated the plaintiff's constitutional right, and (2) the right was clearly established in that context at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A right is clearly established when a United States Supreme Court opinion, a controlling circuit court opinion, or a "robust consensus of persuasive authority" has held that an official acting under similar circumstances violated the law. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

In this case, Plaintiff does not identify a United States Supreme Court opinion, a Tenth Circuit opinion, or a robust consensus of case law indicating that school officials who received a similar complaint of sexual harassment to the one submitted by Plaintiff and responded to it in a

manner similar to Defendants Brungardt and Jenkins violated the law. Rather, Plaintiff points to case law establishing the general principles that sexual harassment implicates equal protection rights and that state actors may be held liable for acquiescing in sexually harassing conduct. The cases cited by Plaintiff fail to put the constitutional principle beyond debate such that every reasonable official would know that what Defendants Brungardt and Jenkins did violated the Fourteenth Amendment. *White*, 137 S. Ct. at 551 (noting that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). Thus, Defendants Brungardt and Jenkins are protected by qualified immunity and entitled to judgment on the pleadings for this claim.[9]

### C. Plaintiff Fails to Allege Essential Elements of the Title VI Claim[10]

Lastly, Plaintiff alleges Defendant School District violated Plaintiff's Title VI rights because Plaintiff is an African-American male who suffered an adverse action and was treated less favorably than a similarly-situated Caucasian student—namely, Student. Defendant School District contends that Plaintiff has not plausibly alleged that he was treated less favorably than a similarly-situated student.

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI prohibits only intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001). To establish a prima facie case of discrimination under Title VI, a plaintiff must allege

---

[9] Plaintiff's opposition makes periodic and scattered references to violations of the Due Process Clause. But the complaint, which controls the claims in this case, does not assert a § 1983 claim based on violations of the Due Process Clause. Even if it did, such claim fails for the reasons just discussed.

[10] In the opposition, Plaintiff voluntarily dismisses Count III against Defendants Brungardt and Jenkins. Doc. 29 at 2.

that: (1) he was a member of a protected class, (2) he suffered an adverse action, and (3) he was treated less favorably than similarly-situated students. *Silva v. St. Anne Catholic Sch.*, 595 F. Supp. 2d 1171, 1182 (D. Kan. 2009).

Plaintiff fails to allege the third element. Plaintiff does not offer any factual allegations about Defendant School District's treatment of Student during the investigation. Thus, Plaintiff fails to allege that he was treated differently than Student during the investigation. Likewise, Plaintiff does not offer factual allegations suggesting Defendant School District treated Student different in terms of discipline. Rather, Plaintiff alleges that "[i]t is unknown if [Student] has faced any consequences for his role in the sexual assault of Plaintiff." Doc. 1 at 7. Because Plaintiff does not know—and therefore fails to allege—that he was treated differently than Student, Plaintiff cannot state a plausible Title VI claim.

In *Bryant v. Independent School District No. 1-38 of Garvin County*, the Tenth Circuit addressed a Title VI claim involving a student-on-student fight. 334 F.3d 928 (10th Cir. 2003). The court found that the appellants set forth a prima facie case of racial discrimination because "[t]hey alleged that they were suspended after the February 8, 2000, fight while Caucasian students who participated in the fight were not suspended." *Id.* at 930. Importantly, the appellants alleged the discipline they received—suspension—was different than the discipline the Caucasian students received—no suspension. Here, Plaintiff does not allege a similar difference in consequence. Plaintiff alleges the discipline he received but admits that Plaintiff does not know the discipline that Student received. Absent some facts identifying a single situation where a similarly-situated student was treated differently, Plaintiff does not plausibly allege a Title VI claim.

**IV. CONCLUSION**

For the above reasons, Plaintiff fails to allege at least one essential element of each claim. The Court therefore grants Defendants' motion.

THE COURT THEREFORE ORDERS that Defendants Lansing USD 469, Kerry Brungardt, and Brooks Jenkins's Motion for Judgment on the Pleadings (Doc. 20) is GRANTED.

IT IS SO ORDERED.

Dated: November 1, 2018          /s/ *Holly L. Teeter*
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE